**NELSON EQUIPMENT COMPANY, a Corporation, Appellant,**

v.

**UNITED STATES RUBBER COMPANY, Appellee.**

No. 14688.

United States Court of Appeals
Ninth Circuit.

Nov. 23, 1955.

Veatch, Bradshaw & Veatch, John C. Veatch, Portland, Or., for appellant.

Rosenberg, Swire & Coan, Marvin S. W. Swire, Portland, Or., for appellee.

Before DENMAN, Chief Judge, and ORR and POPE, Circuit Judges.

DENMAN, Chief Judge.

Appellant, hereafter the Dealer, appeals from a judgment denying him recovery of his purchase price of $5,618.88 for 4,800 feet of fire hose bought from appellee, hereafter the Manufacturer, the District Court holding the dealer has not maintained its burden of proof that the fire hose was defective when delivered nor any agreement for a rescission of the contract of sale to Dealer, and hence Dealer was not entitled to return it to the manufacturer with the latter's repayment of the purchase price.[1]

Dealer was engaged in the sale of fire hose and other equipment to the cities in the State of Washington. Seattle, a city in that state, advertised for bids for fire hose of the quality here involved. Dealer enquired of the Manufacturer, which made such fire hose, whether it would sell it to Dealer and deliver it to Seattle, and the price thereof. The manufacturer agreed to deliver its hose to Seattle and fixed the price to be paid by Dealer. The Dealer then determined its price for its sale of the hose to Seattle, made its bid to Seattle for that amount and Seattle accepted Dealer's bid.

Thereafter Manufacturer delivered the hose to Seattle on April 8, 1952, and Dealer paid Manufacturer the $5,618.88. After a delay until May 27, 1952, Seattle claimed some of the hose was defective when delivered to it and gave it to the Dealer in Seattle. Later Seattle claimed other hose was defective and on October 27, 1952, gave all the rest of the hose to Dealer in Seattle, refusing to pay it any of its bid price. Dealer then returned all the hose to Manufacturer. The latter had it inspected by its own officials and experts of an independent organization, The Underwriter's Laboratory. They decided that the damage was caused by external injury rather than latent defects in its structure. Manufacturer advised Dealer that the hose, being in good condition when delivered to Seattle, it was not liable to Dealer to return the purchase price. The suit followed.

We agree with the District Court that the burden of proof is on the Dealer, the counter-claimant, to show (a) that the hose was not in good condition when delivered to Seattle and if in good condition (b) that there was an agreement for a rescission of the sale from Manufacturer to Dealer.

The case was decided upon exhibits and depositions. On both the issues the evidence was conflicting and we are unable to say that on either it was so overwhelming in favor of Dealer that the court erred in deciding against it. Manufacturer's evidence is that before delivery it tested the hose by water pressure and that it satisfied the requirements for effective use. Further, photographs showed bruises to the hose couplings caused after delivery and the testimony of laboratory experts showed that the hose had been injured externally. The testimony of the Seattle experts was that the hose was of a defective structure. We cannot say that the District Court's decision is clearly erroneous. Fed.Rules Civ.Proc. rule 52(a), 28 U.S. C.A.

Likewise with regard to Dealer's claim that Manufacturer agreed to rescind the sales agreement and return to Dealer its purchase price. Dealer's manager, Corbett, testified that he made such an agreement verbally in a telephone con-

---

1. The suit was brought by the manufacturer for $3,387.96 for other goods bought by Dealer. Dealer admitted this liability but counterclaimed for the recovery of the $5,618.88, the purchase price of the hose herein discussed.

**566**

versation with Smith, the manager of Manufacturer. Smith denies this. With the burden of proof on Dealer, we cannot say here was manifest error.

The judgment is affirmed.